JAMES KAHUI *et al. vs.* LAUKI *et al.*

EXCEPTIONS TO RULINGS OF McCULLY, J.

JANUARY TERM, 1885.

JUDD, C. J. ; McCULLY AND AUSTIN, JJ.

The law that a will cannot be proved after expiration of five years
from death of the testator, does not apply to wills executed prior
to 1859; *Will of Nanino,* 2 Hawn., 762.

A document in form of a will, held to be a deed; and to be admissible
in evidence under claim of adverse possession.

Exceptions sustained.

OPINION OF THE FULL COURT, BY McCULLY, J.

Ejectment. The defendant offered in evidence the following
instrument, as translated from the Hawaiian language :

### " WILL."

" Know all men by these presents that I, Kimo, hereby devise
my land of Kapohaku, at Wainiha, and the house lot at Kapaloa,
to Kaninui forever. Because it was his money, $5, that paid for
this kuleana. I paid no money. My interest on the land was
only my name. No money of mine bought it.

" In testimony of this devise I hereby set my name.

(Signed)                               " KIMO.

" No one is to dispute this devise of mine to Kaninui. It is
his for ever and ever.

" Witnesses :

(Signed)             " KUA (W),
                     " KAPUA,
                     " D. W. HALEMANU,
                     " L. KAUKA.

" Scribe: D. W. HALEMANU.

" Decided upon (done) at Wainiha, A. D. 1854, 12th June."

The trial Justice refused to allow this to be read to the jury,
but instructed them that they might consider that defendant had
produced an instrument under which he and his privies might

have been holding adversely, but that the instrument itself gave no title, and it could not be read to them. To this refusal and instruction the defendants except.

The objection to the admission of the instrument was based on Sec. 1474 of the Civil Code, which prescribes that no written will shall be allowed to be proved after the expiration of five years from the death of the testator. In the case of the *Will of Nanino*, 2 Hawn., 762, it is held that this limitation does not apply to wills of testators deceased before the enactment (1859).

We may assume that it was in evidence that this testator, devisor or grantor died previous to 1859. Evidence to this effect was given, and should have been incorporated in the bill of exceptions. In that case, then, the limitation of time would not apply to prevent this instrument from receiving probate as a will.

But, although the instrument is in the phraseology of a will, there are grounds for treating it as a conveyance. It sets forth a reason and a consideration. The purchase money had been paid by the grantee, and the grantor had never had anything but a nominal ownership in the land. The evidence further shows that the instrument was made, not in view of death, but of the grantor's leaving that part of the island. He moved to the opposite side, and there lived till his death, two years later. The instrument was delivered to the grantee, who thereupon took possession of the land, and we doubt very much if, as a will, it could have been revoked or superseded by a later will.

But, whether we regard this as a will or as a deed, it seems to us that the defendant should have been allowed to prove the execution of the instrument. It would have proved a declaration by the nominal patentee Kimo, made in solemn form, that he was not the equitable owner of the land, but that it belonged to Kaninui, to whom he surrendered it. Kaninui and his heirs, the defendants, holding it adversely for thirty years under this paper, would have a good defense in this action.

The exceptions are sustained.

*Kinney & Peterson*, for plaintiffs.

*J. M. Poepoe*, for defendants.

Honolulu, March 9, 1885.